Scribner, J.
Upon the calling of this case, counsel who filed the petition in error here stated that the case was originally defended by the Insurance Company, one of the defendants, but that they had failed and the plaintiff in error also had failed — indeed he failed before the Insurance Company did —and that the defendants here did not feel able to employ counsel and did not care to have themselves represented. He stated that he said to his client that he would have the case marked as submitted, and leave it for the court. We suppose the court is not bound under these circumstances, to take the record in hand and see whether there is error or not. Nevertheless, we have in this case proceeded' to read the record.
This action is brought for the purpose of reversing the judgment of the court of common pleas in a case wherein James Cake was plaintiff and the Connelly Bros, were defendants with others and upon a final hearing of the case, a judgment was rendered in favor of the other defendants, that is to say, perhaps, one other defendant, the Insurance Company, which was made a party but not served with process. The two Connellys were made defendants, under the claim that they were partners. Daniel Connelly denied that he was a partner, and the court found in his favor upon that issue, and the jury rendered a verdict against the other Connolly and in favor of the company in the sum of $5,000.
The record shows that Connelly was carrying on the business of boiler making, or boiler repairing, in a shop situated near the Lake Shore depot. The shop was burned and they had re-established it and were carrying it on. James H. Cake came into the employment of the defendants a day or two before he was hurt, perhaps the day before. He has been at work prior to that on- a farm. They had certain machinery that they used for the purpose of hoisting boiler plates and lowering them and swinging and placing them upon the anvils, or places where they were to have holes punched in them; and, in carrying on this operation, Cake, having hold of a piece of boiler plate that was being handled for the purpose of steadying it and holding it in' its place until it had reached the place where it should be deposited; and the chain that supported the plate suddenly gave way, or slipped off from the pulley, and the boiler plate, of course, fell, and it fell upon the foot of Cake, from which he received injuries which will last him as long as he lives.
He produced a witness who testified that he helped to put up this machinery, the day before; it had been brought in. from another place, *817 where it had remained after the fire, and been p.ut up; and fjhat there was broken and lost a certain piece of iron, or some instrumentality that was placed at or near the pulley for the purpose of keeping the chain on the pulley, and that it was from the fact that this piece of iron was broken and lost, that the chain slipped off from the pulley and the accident happened. He was cross-examined and subjected to a very severe cross-examination.
The defendant then offered testimony tending to show on its part, that the machinery had stood there some little time. They admitted the falling of the boiler plate, but they were unable to show why it fell or give any reason for its falling, it might be by one thing and it might be by another.
The jury upon a full consideration of the evidence, found that the plaintiff had shown that the machinery was defective and that the injury had occurred from the defect of the machinery, and we are not disposed to disturb the verdict in that respect. We are rather inclined to think that.the plaintiff’s witness stated the truth in regard to it.
There was an exception taken to the refusal of the court to charge the jury, but under the evidence in the case, while one of the propositions is correct law, yet, under the facts of the case as shown by the record, it had no application to the case and was therefore properly refused.
The judgment of the common pleas will therefore be affirmed in this case, but reasonable cause certified for taking the case to the circuit court.